HENRY JACKSON *v.* The Heirs of HENRY DUNBAR BRIDGES.

In a suit for freedom by a person of color held as a slave in good faith and under a
just title, proof that he had served as a seaman in a ship of war belonging to the
United States for several years, that he had always passed for a free person, and
that none other were ever received on such vessels, will not be sufficient; he
must establish his freedom by positive proof.

APPEAL from the Parish Court for the parish of New Orleans,
*Maurian,* J.

*Roselius,* for the defendants and appellees.

*J. W. Smith,* for Howell and Johnson, cited in warranty.

MORPHY, J.   The pétitioner, a person of color, has brought this
suit to assert his freedom, and for damages against the defendants,
who, as the heirs at law of the late Henry D. Bridges, claim and
detain him as their slave.   He alleges that he is a free man of
color, about twenty nine years of age, and was born in the District
of Columbia; that at the age of eight or ten years he was by his
sister put under the protection and in the service of lieutenant
Delany, then of the said District; that he served as an ordinary
seaman in the United States Navy, on board the frigate Constitu-
tion, from September, 1825, till July, 1828, when he was dis-
charged at Boston, in the state of Massachusetts; that after his
discharge, he returned to his native place, whence shortly after he
was clandestinely, forcibly, and fraudulently sent to New Orleans
by the said lieutenant Delany, as he believes, and sold as a slave.
As the plaintiff has been held in slavery for a number of years
previous to the institution of this suit, several successive calls in
warranty are to be found in the record, whereby the divers ven-
dors who owned him during this period, have been made parties to
this action.   The trial took place before a jury, who found in favor
of defendants; after a fruitless endeavor on the part of plaintiff to
have this verdict set aside, a judgment was entered up in con-
formity with it, from which he appealed.

The petitioner has failed to show either that he was born free,
or that he has ever been emancipated; his evidence renders at most
that probable which he should have established by positive proof,
admitting that the witnesses make no mistake in point of identity.
Their testimony shows that from the beginning of 1826 to July,

1828, plaintiff was with them on board of the United States frigate Constitution, during which time he passed for and was considered by every one there as a free boy, and that none but free persons, or persons belived to be such, were engaged or received on board of vessels belonging to the United States Navy. Some of these witnesses say that the plaintiff, who was then very young, waited on Lieutenant Delany, as a servant, while others represent him as having been one of the crew; in whatever capacity he was on board, the simple fact of his having been there, and of his passing for a free person during a limited time, cannot conclude the defendants who hold him as a slave in good faith and under a just title. It shows the belief which existed in the minds of these witnesses that the plaintiff was free, but leaves us uninformed as to the evidence or grounds on which this belief rested; nor is it shown that the plaintiff has been in the possession of his freedom during the time, and under the circumstances, required by law to entitle him to it by prescription. Nothing that we can see in this record makes it our duty to interfere with the verdict of the jury.

*Judgment affirmed.*